UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Archytas Automation, Inc., <br><br> Plaintiff(s), <br><br> v. <br><br> Haddington Dynamics II, LLC, et al., <br><br> Defendant(s). | Case No. 2:25-cv-00816-APG-NJK <br><br> **Order** <br><br> [Docket No. 25] |

Pending before the Court is Defendants' motion to stay discovery pending resolution of their motion to dismiss. Docket No. 25; *see also* Docket No. 24 (motion to dismiss). Plaintiff filed a response in opposition. Docket No. 31. Defendants filed a reply. Docket No. 33. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to stay discovery is **DENIED**.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay of discovery bears the heavy burden of making a strong showing that discovery should be denied. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive in scope and effect; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that Plaintiff will be unable to state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

The Court is not persuaded that a stay of discovery is warranted because the Court has not been convinced that Plaintiff will be unable to state a claim for relief. It bears repeating that the

filing of a non-frivolous dispositive motion, standing alone, is not enough to warrant staying discovery. *See, e.g.*, *Tradebay*, 278 F.R.D. at 603. Instead, the Court must be "convinced" that the dispositive motion will be granted. *See, e.g.*, *id.* "That standard is not easily met." *Kor Media*, 294 F.R.D. at 583. "[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Id.* (quoting *Trazska v. Int'l Game Tech.*, 2011 WL 1233298, *3 (D. Nev. Mar. 29, 2011)) (emphasis in original). The Court requires this robust showing because applying a lower standard would likely result in unnecessary delay in many cases. *Id.* (quoting *Trazska*, 2011 WL 1233298, at *4). The Court is not convinced that Plaintiff will be unable to state a claim.[1]

Accordingly, the motion to stay discovery is **DENIED**. A stipulated discovery plan must be filed by October 17, 2025.

IT IS SO ORDERED.

Dated: October 3, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge will decide the motion to dismiss and may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of the motion to dismiss is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide elaborated discussion of the merits of the underlying motion in this instance. The Court notes that it is not convinced that, particularly at the pleading stage, all of Plaintiff's claims will be found to be time-barred given the factual circumstances identified. While Defendants also raise myriad claim-specific arguments, the Court is not convinced that Plaintiff will be found to be unable to state any claim.